IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LOIS JEAN CURTIS,

        Plaintiff,
vs.                                                                CIVIL NO. 02-741 LFG/RLP

SANDIA CASINO, FELIX L. CHAVES,
STUWART PAISANO and JOHN DOES,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## DISMISSING PLAINTIFF'S CLAIMS WITH PREJUDICE

THIS MATTER is before the Court on Defendants' Fed. R. Civ. P. 12(b)(1) Motion to Dismiss [Doc. 10]. Defendants seek dismissal of Plaintiff Lois Jean Curtis' ("Curtis") lawsuit asserting a lack of subject matter jurisdiction. The Court considered the motion and response. Oral argument is not necessary.

### Background

Curtis, a former Sandia Casino employee, filed a *pro se* lawsuit seeking injunctive relief and monetary damages, asserting violations of federal statutes prohibiting discrimination in employment. Specifically, Curtis asserted employment discrimination pursuant to the Age Discrimination in Employment Act, disability discrimination under the Americans with Disabilities Act, and race discrimination under Title VII of the Civil Rights Act. In support of her complaint, Curtis claims that federal jurisdiction exists under 28 U.S.C. § 1331 in that a federal question has been presented, and under 28 U.S.C. § 1343(a)(3), asserting a constitutional deprivation under color of state law, and, finally, under 42 U.S.C. § 2000e-5(f)(3), Title VII of the Civil Rights Act.

**Analysis**

Defendants seek dismissal of Curtis' claims, asserting lack of jurisdiction. Defendants note that Curtis' complaint alleges that the Pueblo of Sandia, through its operation of the Sandia Casino, engaged in an unlawful discriminatory practice under Title VII, and, further, retaliated against her because she complained of unlawful employment practices. However, Congress specifically exempted Indian tribes from claims under Title VII of the Civil Rights Act. In defining an employer under Title VII, Congress stated:

> The term "employer" means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person, but such term does not include . . . an Indian tribe.

42 U.S.C. § 2000e(b)(1).

Not only did Congress exempt Indian tribes from the definition of an employer, but affirmatively authorized businesses or enterprises on or near Indian reservations to give preferential treatment to individuals because of their Indian status. *See* 42 U.S.C. § 2000e2(i).

Defendants note that the congressional exemption for Indian tribes has a broad, remedial purpose. In Morton v. Mancari, 417 U.S. 535, 97 S. Ct. 2474 (1974), the high Court stated:

> This exemption reveals a clear congressional recognition, within the framework of Title VII, of the unique legal status of tribal and reservation-based activities. The Senate's sponsor, Senator Humphrey, stated on the floor by way of explanation: "Thus exemption is consistent with the Federal Government's policy of encouraging Indian employment and with the special legal position of Indians." 110 Cong. Rec. 12723 (1964) . . . [The Title VII] exemptions as to private employment indicate Congress' recognition of the longstanding federal policy of providing a unique legal status to Indians in matters concerning tribal or "on or near" reservation employment. The exemptions reveal a clear congressional sentiment

> that an Indian preference in the narrow context of tribal or reservation-related employment did not constitute racial discrimination of the type otherwise proscribed . . . .

417 U.S. at 545-46, 548.

Our own Tenth Circuit has held that Indian tribes and businesses operating on or near Indian reservations are not subject to employment prohibitions under Title VII. Wardle v. Ute Indian Tribe, 623 F.2d 670, 672 (10th Cir. 1980)(finding that non-Indian plaintiff's civil rights and constitutional claims were not actionable against Indian tribe given Congress's express exemption under Title VII).

Similarly, in Dille v. Council of Energy Resource Tribes, 801 F.2d 373 (10th Cir. 1986), the Circuit concluded that the Title VII exemption shielded tribal organizations from sex discrimination claims. The court stated:

> This amendment would provide to American Indian tribes in their capacity as a political entity, the same privileges accorded to the U.S. government and its political subdivisions, to conduct their own affairs and economic activities without consideration of the provisions of the bill. Let me emphasize that Indian tribes in an effort to decrease unemployment and in order to integrate their people into the affairs of the national community, operate many economic enterprises, which are more or less supervised by the Indian tribes, the employees serving as apprentices in many instances, and as supervisors and regularly employed and paid employees in others.

Id. at 375, *quoting* 110 Cong. Rec. 13702 (1964). In interpreting Senator Mundt's comments during the debate concerning amendments to Title VII to exempt Indian tribes, the Tenth Circuit stated that the "purpose of this exemption was to promote the ability of sovereign Indian tribes to control their own economic enterprises." Id. So, too, in Duke v. Absentee Shawnee Tribe of Okla. Housing Auth., 199 F.3d 1123, 1124-25 (10th Cir. 1999), the Circuit dismissed discrimination claims filed against a tribal housing authority, noting that the purpose of the Title VII exemption was to promote

3

tribal economic enterprises.

Given clear Tenth Circuit precedent, the Court must conclude that it lacks jurisdiction to consider an employment discrimination claim against a tribal entity asserted under Title VII of the Civil Rights Act.

Similarly, Curtis' 42 U.S.C. § 1981 claim must be barred. As a party may not circumvent a clear exemption under the law by bringing the identical claim under some other theory, the Court is compelled to dismiss Curtis' § 1981 claim. In Wardle, the Tenth Circuit dismissed the plaintiff's § 1981 claims, stating that specific provisions under Title VII exempted Indian tribes from employment discrimination prohibitions and that those specific exemptions controlled over the more general provisions found in various civil rights statutes, which do not, in any case, specifically prohibit preferential treatment of tribal members of Indian tribes. 623 F.2d at 673, *citing* Morton v. Mancari, 417 U.S. at 551-55.

Curtis also asserts a claim under the Americans With Disabilities Act ("ADA"). However, this Act, too, expressly excludes Indian tribes from the definition of employer. Specifically, the ADA defines employer as:

> A person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such person . . . [t]he term "employer" does not include the United States, a corporation wholly owned by the government of the United States, or an Indian tribe . . . .

42 U.S.C. § 12111(5)(A)-(5)(B)(l).

As with the Title VII analysis, since Congress specifically exempted Indian tribes from coverage under this act, the Court is compelled to dismiss this claim.

Curtis also asserts violations of the Age Discrimination in Employment Act ("ADEA"). This claim, as well, must be dismissed for lack of jurisdiction. The Tenth Circuit determined that ADEA does not apply to Indian tribes. In EEOC v. Cherokee Nation, 871 F.2d 937 (10th Cir. 1989), the court held that although the terms of the ADEA do not expressly refer to Indian tribes, the Act did not apply to Indian tribes because its enforcement would directly interfere with a tribal right of self government. The Tenth Circuit relied on the Supreme Court's decision in United States v. Dion, 476 U.S. 734, 739, 106 S. Ct. 2216, 2220 (1986), and determined that courts are reluctant to find a congressional abrogation of treaty rights absent clear and explicit statutory language to that effect. The ADEA did not contain any clear indication of congressional intent to abrogate Indian sovereign rights, and, thus, the Tenth Circuit concluded that the ADEA did not apply. This principle was recently reaffirmed in NLRB v. Pueblo of San Juan, 280 F.3d 1278 (10th Cir. 2000).

In sum, the basis of Curtis' federal claims cannot be sustained under the current state of law. As the Court must dismiss all federal claims, the Court declines to hear any state common law claims under pendent jurisdiction. Those claims, if at all, will be dismissed under 28 U.S.C. § 1367(c)(3), *see* Duke v. Absentee Shawnee Tribe, *supra* at 1126.

The Court, finding no jurisdiction to proceed, all of Curtis' federal claims are dismissed with prejudice; any state common law claim is dismissed without prejudice.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge

PLAINTIFF:
Lois Jean Curtis, *pro se*

ATTORNEYS FOR DEFENDANTS:
David C. Mielke, Esq.
Hilary C. Tompkins, Esq.

5